**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| LINCOLN NATIONAL CORPORATION, THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, LINCOLN FINANCIAL GROUP L.L.C., LINCOLN FINANCIAL ADVISORS CORPORATION, and LINCOLN FINANCIAL DISTRIBUTORS, INCORPORATED, | |
| Plaintiffs/Counterclaim Defendants | CAUSE NO.: 1:06-CV-00058 |
| v. | |
| STEADFAST INSURANCE COMPANY, | |
| Defendant/Counterclaim Plaintiff. | |

## OPINION AND ORDER

The Plaintiffs, collectively "Lincoln," want Steadfast Insurance Company's Counterclaim stricken because it allegedly duplicates Steadfast's affirmative defenses. Although motions to strike under Federal Rule of Civil Procedure 12(f) are generally not favored, they clearly have a salutary role where, for instance, a defendant's counterclaim merely realleges, or is redundant of, its affirmative defenses, or merely seeks the opposite effect of a complaint. Since such redundancy is present here, the motion to strike (Docket # 17) will be GRANTED.

### I. FACTUAL AND PROCEDURAL BACKGROUND

For purposes of the current motion, we do not need to dwell on the facts of the case; in sum, it is sufficient to note that Lincoln claims that Steadfast breached a contract of insurance and seeks to recover under that liability policy. (Pl.'s Compl. ¶¶ 1, 12.) Steadfast's Answer listed several affirmative defenses, then essentially repackaged those defenses into its

1

Counterclaim, a circumstance Lincoln describes as redundant and subject to a motion to strike. (Docket # 10; Def.'s Original Answer & Countercl. ¶¶ 53-73.)

For instance, Steadfast's second affirmative defense states that Lincoln failed to "comply with the conditions precedent with regard to payment, defense, settlement, and assuming obligations and incurring expenses, as set forth in the Policy," while Count 2 of its Counterclaim seeks a declaratory judgment that Lincoln "failed to comply with the [Policy's] conditions precedent" concerning defense expenses and payment. (*Id*., ¶¶ 20, 65.) The first affirmative defense is similarly parallel to Counterclaim Count 1, and the third and fourth defenses essentially mirror Counterclaim Count 3.[1] (*Id.*, ¶¶ 19, 21, 22, 57, 73.)

Before addressing Lincoln's contention, however, we first recount the applicable standard. (Docket ## 19, 20; Pl.'s Mot. to Strike Def.'s Countercl. 1.)

## II. STANDARD ON MOTION TO STRIKE

Parties may move to strike from the pleadings "any redundant, immaterial, impertinent, or scandalous matter" under Federal Rule of Civil Procedure 12(f). Although such motions can be vehicles for delay, and thus are generally not favored, *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)*; Abdulrahim v. Gene B. Glick Co., Inc.*, 612 F. Supp. 256, 260 n.1 (N.D. Ind. 1985) (citing 5 Wright & Miller, *Federal Practice and Procedure* § 1380 (1969)), they can also serve to remove "unnecessary clutter from the case" and thus expedite the proceedings. *Heller Fin.*, 883 F.2d at 1294. We will apply these principles to the current motion.

---

[1]We actually may have two levels of redundancy here: a Counterclaim that not only restates Lincoln's affirmative defenses but also unnecessarily restates issues already before the Court by way of Lincoln's Complaint. Although the parties do not emphasize the latter point, we think it is clearly present as noted *infra*.

## III. DISCUSSION

In response to Lincoln's claim that the affirmative defenses are unnecessarily repeated as a counterclaim, Steadfast asserts that there is no redundancy here because: (1) its allegations are not really affirmative defenses; (2) the Counterclaim addresses vital facts and issues which Lincoln ignored in its Complaint; and (3) if prohibited from raising the Counterclaim, Steadfast will never be able to obtain a judgment that its interpretation of the policy is the correct one. These arguments will be addressed in turn, but first we must speak to a fundamental issue: must Lincoln show, as Steadfast contends, that the Counterclaim is both redundant *and* prejudicial?

### A. Redundancy alone is enough to support a Motion to Strike

Despite Steadfast's argument to the contrary, prejudice need not be shown in support of a motion to strike. *Indiana Gas Co., Inc. v. Aetna Cas. & Sur. Co.*, No. 1:95-CV-101, 1995 WL 866417, at *2 (N.D. Ind. July 12, 1995) (citing *Talbot v. Robert Matthews Distrib. Co.*, 861 F.2d 654, 554 (7th Cir. 1992)).

Indeed, repetitious and unnecessary pleadings, such as a counterclaim that merely restates an affirmative defense, or which seeks the opposite effect of the complaint, should be stricken regardless of whether prejudice has been shown. *Rayman v. Peoples Sav. Corp.*, 735 F. Supp. 842, 852 (N.D. Ill. 1990); *In re Messina v. Berney*, No. 99B29371, 2003 WL 22271522, at *8 (Bankr. N.D. Ill. Sept. 29, 2003) (dismissing counterclaim that raises identical issues as complaint); *U.S. v. Zanfei*, 353 F.Supp. 2d 962, 965 (N.D. Ill. 2005) (striking counterclaim that merely restates an issue already before the court); *Dixie Gas & Food, Inc. v. Shell Oil Co.*, No. 03 C 8210, 2005 WL 1273273, at *7 (N.D. Ill. May 25, 2005) ("[T]he process for determination on the merits is underway in this suit, and the additional declaratory judgment action . . . is

redundant."); *see also Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985) ("The label 'counterclaim' has no magic . . . . When the original complaint puts in play all of the factual and legal theories, it makes no difference whether another party calls its pleadings counterclaims, affirmative defenses, or anything else . . . [because] the parties to that complaint are parties to each aspect of the imbroglio.").

Of course, Steadfast's argument that prejudice needs to be shown is understandable, given that, as we shall see, redundancy is clearly present.

### *B. Steadfast raises four "affirmative defenses"*

Notwithstanding the fact that Steadfast labeled four paragraphs of its Answer as "Affirmative Defenses," it now contends they are not affirmative defenses at all. (Def.'s Resp. Br. 5.) Of course, the primary purpose of Rule 8(c), which addresses affirmative defenses, is to give the plaintiff notice of issues the defendant will raise in the case, and in that regard the rule classifies an affirmative defense as "any . . . matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c); *Fort Howard Paper Co. v. Standard Havens, Inc.*, 901 F.2d 1373, 1377 (7th Cir. 1990) (citing *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971)). Stated another way, if the defendant has the burden of proof on a matter of avoidance under state law, then that constitutes an affirmative defense under Rule 8(c). *Brunswick Leasing Corp. v. Wisconsin Cent., Ltd.*, 136 F.3d 521, 530 (7th Cir. 1998); *see, e.g., Sundstrand Corp. v. Standard Kollsman Indus.*, 488 F.2d 807, 813 (7th Cir. 1973); *Mueller v. Ameritech Info. Sys., Inc.*, No. 91 C 3429, 1992 WL 48014, at *2 (N.D. Ill. March 3, 1992); *Hays v. Gen. Elec. Co.*, 151 F. Supp. 2d 1001, 1010 (N.D. Ill. 2001). Consequently, we will determine whether the four paragraphs at issue are affirmative defenses by examining where the burden of proof lies with

4

each.

Rule 8(c) encompasses Steadfast's first "affirmative defense," which addresses the purported late notice policy defense, because the insurer, Steadfast, bears the burden of proof on such a defense. *Miller v. Dilts*, 463 N.E.2d 257, 264 (Ind. 1984) (placing burden of proving compliance with policy notice provision on insurer); *see Indiana Gas Co., Inc. v. Aetna Cas. & Sur. Co.*, 946 F. Supp. 634, 637 (N.D. Ind. 1996), *rev'd on jurisdictional grounds*, 141 F.3d 314 (7th Cir. 1998), *cert denied*; *Cincinnati Ins. Co. v. Irvin*, 19 F. Supp. 2d 906, 911 (S.D. Ind. 1998).

The second paragraph is also an affirmative defense, since Steadfast, as the insurer, bears the burden of demonstrating actual prejudice in matters relating to the policy's voluntary payment provision. *Liberty Mut. Ins. Co. v. OSI Indus., Inc.*, 831 N.E.2d 192, 203 (Ind. Ct. App. 2005) (placing burden of proving actual prejudice onto insurer in absence of unreasonable notice).

Lastly, Rule 8(c) includes the fourth and fifth affirmative defenses, which relate to policy exclusions, because Steadfast has the burden of establishing that a policy exclusion exists. *Governmental Interinsurance Exch. City of Angola, Ind.*, 8 F. Supp. 2d 1120, 1125 (N.D. Ind. 1998) (citing *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 151 (7th Cir. 1994) ("If an insurer relies on an exclusion within a policy to deny coverage, the insurer must establish that the exclusion applies."). Accordingly, as Steadfast possesses the burden of proof on these issues, the four paragraphs in Steadfast's Answer constitute affirmative defenses under Indiana law.

*C. Lincoln was not required to foresee Steadfast's affirmative defenses when composing its Complaint.*

Steadfast also argues that its Counterclaim raises important factual and legal issues which were not included in Lincoln's Complaint. Of course, this argument overlooks the fact that the issues here have been raised in properly cast affirmative defenses. At any rate, Lincoln was not required to plead facts or legal issues in its Complaint in anticipation of Steadfast's affirmative defenses, because complaints need only plead claims. *Luckett v. Rent-a-Center, Inc.*, 53 F.3d 871, 873 (7th Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)); *Bartholet v. Reishauer A.G. (Zürich),* 953 F.2d 1073, 1078 (7th Cir. 1992); *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963 (7th Cir. 1992). Indeed, as Lincoln correctly states, "[r]aising these matters in [Steadfast's] Answer is more than sufficient to meet notice pleading standards, and sufficiently preserves Steadfast's opportunity to litigate its defenses (whether they be considered affirmative or 'other' defenses)." (Pl.'s Reply Br. 7 (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1261 (3d ed. 2006).)

*D. Steadfast does not need a counterclaim to receive a judgment on its interpretation of the policy.*

Steadfast claims that striking the Counterclaim would prevent it from receiving a declaratory judgment on its interpretation of the policy. However, because Steadfast's Counterclaim raises the same issues as its affirmative defenses, a judgment on Lincoln's underlying breach of contract claim will necessarily resolve any factual or legal issues raised in the Counterclaim.

After all, the purpose of a declaratory judgment is to "clarify[ ] and settl[e] the legal relations at issue" and to "terminate and afford relief from uncertainty, insecurity, and controversy giving rise to the proceeding." *Amari v. Radio Spirits, Inc.*, 219 F. Supp. 2d 942, 944 (N.D. Ill. 2002) (citing *Tempco Elec. Heater Corp. v. Omega Eng'g Inc.*, 819 F.2d 746, 749

6

(7th Cir. 1987)).  A court, therefore, may refuse to entertain a declaratory judgment action that merely seeks to determine issues already being litigated.  *Id.* (quoting *Tempco*, 819 F.2d at 749 ("Where the substantive suit would resolve the issues raised by the declaratory judgment action, the declaratory judgment action 'serve[s] no useful purpose' because the controversy has 'ripened' and the uncertainty and anticipation of litigation are alleviated.")); *Yellow Cab Co. v. City of Chicago*, 186 F.2d 946, 950 (7th Cir. 1951).

Here, Steadfast's Counterclaim does not "clarify or settle" any legal issues, as it pursues issues already being litigated in Lincoln's Complaint and Steadfast's Answer and affirmative defenses.  As illustrated earlier, Count 1 of Steadfast's Counterclaim is virtually identical to its first affirmative defense, Count 2 to the second affirmative defense, and Count 3 to the fourth and fifth affirmative defenses.  (Def.'s Original Answer and Countercl. ¶¶ 19-23, 53-73.)  As the affirmative defenses and Counterclaim raise the same factual and legal matters, the Counterclaim "add[s] nothing to the pleadings," and may be stricken as redundant without infringing upon Steadfast's ability to receive a judgment on its interpretation of the policy at issue.  *Rayman*, 735 F. Supp. at 853 (disregarding counterclaim that merely duplicated affirmative defense as adding "nothing to the pleadings"); *see also Amari*, 219 F. Supp. 2d at 944 ("All of the issues in the declaratory judgment claim will be resolved by the substantive action, so the declaratory judgment serves no useful purpose."); *Dixie Gas & Food*, 2005 WL 1273273 at *7 ("[T]he process for determination on the merits is underway in this suit, and the additional declaratory judgment action . . . is redundant."); *In re Messina*, 2003 WL 22271522 at *8 (dismissing counterclaim that raises identical issues as complaint); *Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc.*, 362 F. Supp. 78, 82 (N.D. Ill. 1973) (dismissing defendant's declaratory

judgment claim that simply mirrored plaintiff's declaratory relief claim).

## IV. CONCLUSION

Because Steadfast's Counterclaim raises issues already present in the litigation by way of Lincoln's Complaint or Steadfast's Answer and affirmative defenses, Lincoln's Motion to Strike the Defendant's Counterclaim (Docket # 17) is GRANTED. The Counterclaim is therefore stricken. SO ORDERED.


Enter for June 9, 2006.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge
